

## SM LAW, PC

Steven J. Mitnick, Attorney at Law ▪ smitnick@sm-lawpc.com
Marc D. Miceli, Of Counsel ▪ mmiceli@sm-lawpc.com

P.O. Box 530 ▪ 49 Old Turnpike Road ▪ Oldwick, NJ 08858
P: 908.572.7275 ▪ F: 908.572.7271
*sm-lawpc.com*

**August 7, 2020**

United Healthcare Services Inc.
9800 Healthcare Lane
Minnetonka, MN 55436

      RE:   SM MEDICAL HOLDINGS CORPORATION, AS ASSIGNEE OF AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT EMERGENCY CENTER, LP, NC BROWNSVILLE EMERGENCY CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY CENTER, LP, AND NEC PORT ARTHUR EMERGENCY ENTER LP v. CLAIMS MANAGEMENT INC., et al.
Amount Due: $3,008,190.11
Our Reference No.: 1-20-0517

Dear Sir or Madam:

      Please be advised that the undersigned serves as counsel to SM Medical Holdings Corporation, and I have instituted the above referenced litigation against you.  A copy of the litigation is enclosed and you will be served by the appropriate Court officer or pursuant to the Court rules in the near future.

      Should you desire to resolve this matter in an amicable fashion, kindly provide me with a check in the above noted sum within ten (10) days of the date hereof.

      Please contact my office should you have any questions or concerns.

                     With best wishes,

                     STEVEN MITNICK, ESQ.

SM/sb
Enclosures

**THIS CORRESPONDENCE IS FROM A DEBT COLLECTION ATTORNEY.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**

Steven Mitnick, Esq.
Attorney ID No. 013111981
SM LAW, P.C.
P.O. Box 530
49 Old Turnpike Road
Oldwick, NJ 08858
908-572-7275
Attorney for Plaintiff

| | |
|---|---|
| SM MEDICAL HOLDINGS CORPORATION, AS ASSIGNEE OF AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT EMERGENCY CENTER, LP, NC BROWNSVILLE EMERGENCY CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY CENTER, LP, AND NEC PORT ARTHUR EMERGENCY ENTER LP | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUNTERDON COUNTY |

SM MEDICAL HOLDINGS CORPORATION, AS ASSIGNEE OF
AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT :
EMERGENCY CENTER, LP, NC BROWNSVILLE EMERGENCY :
CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, :
NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN :
EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY :
CENTER, LP, AND NEC PORT ARTHUR EMERGENCY ENTER :
LP                                                  :
                                                    :
              Plaintiff,                            :
                                                    :
      v.                                            :
                                                    :
CLAIMS MANAGEMENT INC.; LYNDON SOUTHERN :
INSURANCE COMPANY; OLYMPUS MANAGED HEALTH :
CARE d/b/a GLOBAL EXCEL; PHCS SAVILITY, A DIVISION OF :
MULTIPLAN, INC.; QUANTUM ALLIANCE; SHEET METAL
WORKERS INT. ASSOCIATION; SPECIAL INSURANCE
SERVICES, INC.; SUPERIOR HEALTHPLAN; SYMETRA LIFE
INSURANCE COMPANY; TASB RISK MANAGEMENT FUND;
THE LOOMIS COMPANY; WINDHAVEN INSURANCE
COMPANY; NATIVE HEALTH CARE; KEMPER HEALTH, A
DIVISION OF RESERVE NATIONAL INSURANCE COMPANY;
REGIONAL INSURANCE SERVICES COMPANY, LLC; TEXAS
CHILDRENS HEALTH PLAN; THE HEALTH PLAN; UNUM
GROUP; THE TRAVELERS INDEMNITY COMPANY; USABLE
MUTUAL INSURANCE COMPANY; SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.; WEBTPA, AN AMWINS
GROUP COMPANY; UNITED HEALTHCARE SERVICES, INC.

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUNTERDON COUNTY

Docket No.

Civil Action

**COMPLAINT**

Plaintiff, SM Medical Holdings Corporation, located at P.O. Box 530, Oldwick, New Jersey, 08858,

by way of Complaint against the Defendants says:

**FIRST COUNT**

1. Pursuant to a Bill of Sale, (Exhibit "A"), AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT EMERGENCY CENTER, LP, NC BROWNSVILLE EMERGENCY CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY CENTER, LP, AND NEC PORT ARTHUR EMERGENCY ENTER LP, sold certain of its receivables to SM MEDICAL HOLDINGS CORPORATION .

2. There is due from the Defendant, Claims Management Inc. (Claims), to the Plaintiff the sum of $2,677.23on a book account. Payment has been demanded and has not been made.

3. The Plaintiff sue Claims for services rendered by the Plaintiff to Claims upon the promise by Claims to pay the agreed amount. Payment has been demanded and has not been made.

4. The Plaintiff sues Claims for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Claims upon the promise of Claims to pay a reasonable price for the same. Payment has been demanded and has not been made.

5. The Defendant, Claims being indebted to the Plaintiff in the sum of $2,677.23upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Claims, in the sum of $2,677.23, together with lawful interest and costs of this suit.

## SECOND COUNT

6. Plaintiff repeats the allegations contained in the First Count of its Complaint as if set forth at length herein.

7. There is due from the Defendant, Lyndon Southern Insurance Company (Lyndon) to the Plaintiff the sum of $1,911.90 on a book account. Payment has been demanded and has not been made.

8. The Plaintiff sues Lyndon for services rendered by the Plaintiff to Lyndon upon the promise by Lyndon to pay the agreed amount. Payment has been demanded and has not been made.

9. The Plaintiff sues Lyndon for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Lyndon upon the promise of Lyndon to pay a reasonable price for the same. Payment has been demanded and has not been made.

10. The Defendant Lyndon, being indebted to the Plaintiff in the sum of $1,911.90 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Lyndon in the sum of $1,911.90 together with lawful interest and costs of this suit.

### THIRD COUNT

11. Plaintiff repeats the allegations contained in the First through Second Counts of its Complaint as if set forth at length herein.

12. There is due from the Defendant, Olympus Managed Health Care d/b/a Global Excel, (Olympus), to the Plaintiff the sum of $5,363.57 on a book account. Payment has been demanded and has not been made.

13. The Plaintiff sues Olympus for services rendered by the Plaintiff to Olympus upon the promise by Olympus to pay the agreed amount. Payment has been demanded and has not been made.

14. The Plaintiff sues Olympus for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Olympus upon the promise of Olympus to pay a reasonable price for the same. Payment has been demanded and has not been made.

15. The Defendant, Olympus, being indebted to the Plaintiff in the sum of $5,363.57 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Olympus in the sum of $5,363.57 together with lawful interest and costs of this suit.

## FOURTH COUNT

16. Plaintiff repeats the allegations contained in the First through Third Counts of its Complaint as if set forth at length herein.

17. There is due from the Defendant, PHCS Savility, a Division of MuliPlan, Inc., (PHCS) to the Plaintiff the sum of $3,173.18 on a book account. Payment has been demanded and has not been made.

18. The Plaintiff sues PHCS for services rendered by the Plaintiff to PHCS, upon the promise by PHCS to pay the agreed amount. Payment has been demanded and has not been made.

19. The Plaintiff sues PHCS for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to PHCS upon the promise of the PHCS to pay a reasonable price for the same. Payment has been demanded and has not been made.

20. The Defendant PHCS being indebted to the Plaintiff in the sum of $3,173.18 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant PHCS in the sum of $3,173.18 together with lawful interest and costs of this suit.

## FIFTH COUNT

21. Plaintiff repeats the allegations contained in the First through Fourth Counts of its Complaint as if set forth at length herein.

22. There is due from the Defendant, Quantum Alliance, (Quantum) to the Plaintiff the sum of $1,400.00 on a book account. Payment has been demanded and has not been made.

23. The Plaintiff sues Quantum for services rendered by the Plaintiff to Quantum upon the promise by Quantum to pay the agreed amount. Payment has been demanded and has not been made.

24. The Plaintiff sues Quantum for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Quantum upon the promise of Quantum to pay a reasonable price for

the same. Payment has been demanded and has not been made.

25. The Defendant Quantum, being indebted to the Plaintiff in the sum of $1,400.00upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Quantum in the sum of $1,400.00, together with lawful interest and costs of this suit.

### SIXTH COUNT

26. Plaintiff repeats the allegations contained in the First through Fifth Counts of its Complaint as if set forth at length herein.

27. There is due from the Defendant, Sheet Metals Workers International Association (Sheet) to the Plaintiff the sum of $2,349.93 on a book account. Payment has been demanded and has not been made.

28. The Plaintiff sues Sheet for services rendered by the Plaintiff to Sheet upon the promise by Sheet to pay the agreed amount. Payment has been demanded and has not been made.

29. The Plaintiff sues Sheet for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Sheet upon the promise of Sheet to pay a reasonable price for the same. Payment has been demanded and has not been made.

30. The Defendant, Sheet, being indebted to the Plaintiff in the sum of $2,349.93 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Sheet in the sum of $2,349.93 together with lawful interest and costs of this suit.

### SEVENTH COUNT

31. Plaintiff repeats the allegations contained in the First through Sixth Counts of its Complaint as

if set forth at length herein.

32. There is due from the Defendant, Special Insurance Services, Inc., (Special), to the Plaintiff the sum of $1,452.00 on a book account. Payment has been demanded and has not been made.

33. The Plaintiff sues Special for services rendered by the Plaintiff to Special upon the promise by Special to pay the agreed amount. Payment has been demanded and has not been made.

34. The Plaintiff sues Special for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Special upon the promise of Special to pay a reasonable price for the same. Payment has been demanded and has not been made.

35. The Defendant Special, being indebted to the Plaintiff in the sum of $1,452.00 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Special in the sum of $1,452.00, together with lawful interest and costs of this suit.

## EIGHTH COUNT

36. Plaintiff repeats the allegations contained in the First through Seventh Counts of its Complaint as if set forth at length herein.

37. There is due from the Defendant, Superior HelathPlan (Superior) to the Plaintiff the sum of $2,861.83 on a book account. Payment has been demanded and has not been made.

38. The Plaintiff sues Superior for services rendered by the Plaintiff to Superior, upon the promise by Superior to pay the agreed amount. Payment has been demanded and has not been made.

39. The Plaintiff sues Superior for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Superior upon the promise of Superior to pay a reasonable price for the same. Payment has been demanded and has not been made.

40. The Defendant Superior, being indebted to the Plaintiff in the sum of $2,861.83 upon an

account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Superior in the sum of $2,861.83, together with lawful interest and costs of this suit.

### NINTH COUNT

41. Plaintiff repeats the allegations contained in the First through Eighth Counts of its Complaint as if set forth at length herein.

42. There is due from the Defendant, Symetra Life Insurance Company (Symetra) to the Plaintiff the sum of $2,609.06 on a book account. Payment has been demanded and has not been made.

43. The Plaintiff sues Symetra for services rendered by the Plaintiff to Symetra upon the promise by Symetra to pay the agreed amount. Payment has been demanded and has not been made.

44. The Plaintiff sues Symetra for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Symetra upon the promise of Symetra to pay a reasonable price for the same. Payment has been demanded and has not been made.

45. The Defendant Symetra, being indebted to the Plaintiff in the sum of $2,609.06 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Symetra, in the sum of $2,609.06 together with lawful interest and costs of this suit.

### TENTH COUNT

46. Plaintiff repeats the allegations contained in the First through Ninth Counts of its Complaint as if set forth at length herein.

47. There is due from the Defendant, TASB Risk Management Fund (TASB), to the Plaintiff the sum of $2,406.04 on a book account. Payment has been demanded and has not been made.

48. The Plaintiff sues TASB for services rendered by the Plaintiff to TASB upon the promise by TASB to pay the agreed amount. Payment has been demanded and has not been made.

49. The Plaintiff sues TASB for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to TASB upon the promise of TASB to pay a reasonable price for the same. Payment has been demanded and has not been made.

50. The Defendant, TASB, being indebted to the Plaintiff in the sum of $2,406.04 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, TASB in the sum of $2,406.04 together with lawful interest and costs of this suit.

## ELEVENTH COUNT

51. Plaintiff repeats the allegations contained in the First through Tenth Counts of its Complaint as if set forth at length herein.

52. There is due from the Defendant, The Loomis Company (Loomis) to the Plaintiff the sum of $2,962.54 on a book account. Payment has been demanded and has not been made.

53. The Plaintiff sues Loomis for services rendered by the Plaintiff to Loomis upon the promise by Loomis to pay the agreed amount. Payment has been demanded and has not been made.

54. The Plaintiff sues Loomis for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Loomis upon the promise of Loomis to pay a reasonable price for the same. Payment has been demanded and has not been made.

55. The Defendant, Loomis, being indebted to the Plaintiff in the sum of $2,962.54 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Loomis, in the sum of $2,962.54

together with lawful interest and costs of this suit.

## TWELFTH COUNT

56. Plaintiff repeats the allegations contained in the First through Eleventh Counts of its Complaint as if set forth at length herein.

57. There is due from the Defendant, Windhaven Insurance Company (Windhaven) to the Plaintiff the sum of $3,266.26 on a book account. Payment has been demanded and has not been made.

58. The Plaintiff sues Windhaven for services rendered by the Plaintiff to Windhaven upon the promise by Windhaven to pay the agreed amount. Payment has been demanded and has not been made.

59. The Plaintiff sues Windhaven for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Windhaven upon the promise of Windhaven to pay a reasonable price for the same. Payment has been demanded and has not been made.

60. The Defendant, Windhaven, being indebted to the Plaintiff in the sum of $3,266.26 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Windhaven in the sum of $3,266.26 together with lawful interest and costs of this suit.

## THIRTEENTH COUNT

61. Plaintiff repeats the allegations contained in the First through Twelfth Counts of its Complaint as if set forth at length herein.

62. There is due from the Defendant, Native Health Care, (Native), to the Plaintiff the sum of $1,964.81 on a book account. Payment has been demanded and has not been made.

63. The Plaintiff sues Native for services rendered by the Plaintiff to Native upon the promise by Native to pay the agreed amount. Payment has been demanded and has not been made.

64. The Plaintiff sues Native for the reasonable value of goods sold and delivered, and/or services

rendered by the Plaintiff to Native upon the promise of Native to pay a reasonable price for the same. Payment has been demanded and has not been made.

65. The Defendant Native, being indebted to the Plaintiff in the sum of $1,964.81 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Native in the sum of $1,964.81 together with lawful interest and costs of this suit.

## FOURTEENTH COUNT

66. Plaintiff repeats the allegations contained in the First through Thirteenth Counts of its Complaint as if set forth at length herein.

67. There is due from the Defendant, Kemper Health, a Division of Reserve National Insurance Company (Kemper), to the Plaintiff the sum of $2,009.62 on a book account. Payment has been demanded and has not been made.

68. The Plaintiff sues Kemper for services rendered by the Plaintiff to Kemper upon the promise by Kemper to pay the agreed amount. Payment has been demanded and has not been made.

69. The Plaintiff sues Kemper for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Kemper upon the promise of Kemper to pay a reasonable price for the same. Payment has been demanded and has not been made.

70. The Defendant, Kemper, being indebted to the Plaintiff in the sum of $2,009.62 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Kemper in the sum of $2,009.62 together with lawful interest and costs of this suit.

**FIFTHEENTH COUNT**

71. Plaintiff repeats the allegations contained in the First through Fourteen Counts of its Complaint as if set forth at length herein.

72. There is due from the Defendant, Regional Insurance Services Company, LLC (RISCOM) to the Plaintiff the sum of $8,726.63 on a book account. Payment has been demanded and has not been made.

73. The Plaintiff sues RISCOM for services rendered by the Plaintiff to RISCOM upon the promise by RISCOM to pay the agreed amount. Payment has been demanded and has not been made.

74. The Plaintiff sues RISCOM for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to RISCOM upon the promise of RISCOM to pay a reasonable price for the same. Payment has been demanded and has not been made.

75. The Defendant RISCOM, being indebted to the Plaintiff in the sum of $8,726.63 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant RISCOM in the sum of $8,726.63, together with lawful interest and costs of this suit.

**SIXTEENTH COUNT**

76. Plaintiff repeats the allegations contained in the First through Fifteenth Counts of its Complaint as if set forth at length herein.

77. There is due from the Defendant, Texas Children's Health Plan, (TCHP) to the Plaintiff the sum of $37,812.18 on a book account. Payment has been demanded and has not been made.

38. The Plaintiff sues TCHP for services rendered by the Plaintiff to TCHP, upon the promise by TCHP to pay the agreed amount. Payment has been demanded and has not been made.

79. The Plaintiff sues TCHP for the reasonable value of goods sold and delivered, and/or services

rendered by the Plaintiff to TCHP upon the promise of TCHP to pay a reasonable price for the same. Payment has been demanded and has not been made.

80. The Defendant TCHP, being indebted to the Plaintiff in the sum of $37,812.18 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant TCHP in the sum of $37,812.18, together with lawful interest and costs of this suit.

## SEVENTEETH COUNT

81. Plaintiff repeats the allegations contained in the First through Sixteenth Counts of its Complaint as if set forth at length herein.

82. There is due from the Defendant, The Health Plan to the Plaintiff the sum of $3,210.44 on a book account. Payment has been demanded and has not been made.

83. The Plaintiff sues The Health Plan for services rendered by the Plaintiff to The Health Plan upon the promise by The Health Plan to pay the agreed amount. Payment has been demanded and has not been made.

84. The Plaintiff sues The Health Plan for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to The Health Plan upon the promise of The Health Plan to pay a reasonable price for the same. Payment has been demanded and has not been made.

85. The Defendant The Health Plan being indebted to the Plaintiff in the sum of $3,210.44 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant The Health Plan, in the sum of $3,210.44 together with lawful interest and costs of this suit.

## EIGHTEENTH COUNT

86. Plaintiff repeats the allegations contained in the First through Seventeenth Counts of its Complaint as if set forth at length herein.

87. There is due from the Defendant, Unum Group (Unum) to the Plaintiff the sum of $3,354.06 on a book account. Payment has been demanded and has not been made.

88. The Plaintiff sues Unum for services rendered by the Plaintiff to Unum upon the promise by Unum to pay the agreed amount. Payment has been demanded and has not been made.

89. The Plaintiff sues Unum for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Unum upon the promise of Unum to pay a reasonable price for the same. Payment has been demanded and has not been made.

90. The Defendant Unum, being indebted to the Plaintiff in the sum of $3,354.06 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Unum in the sum of $3,354.06 together with lawful interest and costs of this suit.

## NINETEENTH COUNT

91. Plaintiff repeats the allegations contained in the First through Eighteenth Counts of its Complaint as if set forth at length herein.

92. There is due from the Defendant, The Travelers Indemnity Company (Travelers), to the Plaintiff the sum of $17,579.41 on a book account. Payment has been demanded and has not been made.

93. The Plaintiff sues Travelers for services rendered by the Plaintiff to Travelers upon the promise by Travelers to pay the agreed amount. Payment has been demanded and has not been made.

94. The Plaintiff Travelers for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff Travelers upon the promise of Travelers to pay a reasonable price for the same.

Payment has been demanded and has not been made.

95. The Defendant Travelers, being indebted to the Plaintiff in the sum of $17,579.41 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant, Travelers in the sum of $17,579.41 together with lawful interest and costs of this suit.

### TWENTIETH COUNT

96. Plaintiff repeats the allegations contained in the First through Nineteenth Counts of its Complaint as if set forth at length herein.

97. There is due from the Defendant, USAble Mutual Insurance Company , (USAble), to the Plaintiff the sum of $1,400.00 on a book account. Payment has been demanded and has not been made.

98. The Plaintiff sues USAble for services rendered by the Plaintiff to USAble upon the promise by USAble to pay the agreed amount. Payment has been demanded and has not been made.

99. The Plaintiff sues USAble for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to USAble upon the promise of USAble to pay a reasonable price for the same. Payment has been demanded and has not been made.

100. The Defendant, USAble, being indebted to the Plaintiff in the sum of $1,400.00 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant USAble in the sum of $1,400.00 together with lawful interest and costs of this suit.

### TWENTY FIRST COUNT

97. Plaintiff repeats the allegations contained in the First through Twentieth Counts of its Complaint as if set forth at length herein.

98. There is due from the Defendant, Sedgwick Claims Management Services, Inc. (Sedgwick) , to the Plaintiff the sum of $24,706.22 on a book account. Payment has been demanded and has not been made.

99. The Plaintiff sues Sedgwick for services rendered by the Plaintiff to Sedgwick upon the promise by Sedgwick to pay the agreed amount. Payment has been demanded and has not been made.

100. The Plaintiff sues Sedgwick for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to Sedgwick upon the promise of Sedgwick to pay a reasonable price for the same. Payment has been demanded and has not been made.

101. The Defendant, Sedgwick, being indebted to the Plaintiff in the sum of $24,706.22 upon an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant Sedgwick in the sum of $24,706.22 together with lawful interest and costs of this suit.

## TWENTY SECOND COUNT

102. Plaintiff repeats the allegations contained in the First through Twenty First Counts of its Complaint as if set forth at length herein.

103. There is due from the Defendant, WebTPA, an AmWINS Group Company (WebTPA), to the Plaintiff the sum of $76,225.29 on a book account. Payment has been demanded and has not been made.

104. The Plaintiff sues WebTPA for services rendered by the Plaintiff to WebTPA upon the promise by WebTPA to pay the agreed amount. Payment has been demanded and has not been made.

105. The Plaintiff sues WebTPA for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to WebTPA upon the promise of WebTPA to pay a reasonable price for the same. Payment has been demanded and has not been made.

106. The Defendant ,WebTPA, being indebted to the Plaintiff in the sum of $76,225.29 upon an

account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

### TWENTY THIRD COUNT

107. Plaintiff repeats the allegations contained in the First through Twenty Second Counts of its Complaint as if set forth at length herein.

108. There is due from the Defendant, United Healthcare Services Inc. (UHC), to the Plaintiff the sum of $3,008,190.11 on a book account. Payment has been demanded and has not been made.

109. The Plaintiff sues UHC for services rendered by the Plaintiff to UHC upon the promise by UHC to pay the agreed amount. Payment has been demanded and has not been made.

110. The Plaintiff sues UHC for the reasonable value of goods sold and delivered, and/or services rendered by the Plaintiff to UHC upon the promise of UHC to pay a reasonable price for the same. Payment has been demanded and has not been made.

111. The Defendant, UHC, being indebted to the Plaintiff in the sum of $3,008,190.11 an account stated between them, did promise to pay to the Plaintiff said sum upon demand. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff demands Judgment against the Defendant UHC in the sum of $3,008,190.11 together with lawful interest and costs of this suit.

SM LAW, P.C.

Dated: August 8, 2020

By: _____

STEVEN MITNICK, ESQ.
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R.4:5-1.

Dated: August 8, 2020

SM LAW, P.C.

By:_____

STEVEN MITNICK, ESQ.
Attorney for Plaintiff

## CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: August 8, 2020

SM LAW, P.C.

By:_____

STEVEN MITNICK, ESQ.
Attorney for Plaintiff

*EXHIBIT "A"*

## BILL OF SALE

For good and valuable consideration received in the amount of $\:$ the receipt and sufficiency of which are hereby acknowledged, NEC AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT EMERGENCY CENTER, LP, NEC BROWNSVILLE EMERGENCY CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY CENTER, LP, AND NEC PORT ARTHUR EMERGENCY CENTER, LP, (jointly and severally, "**Seller**") do hereby GRANT, BARGAIN, SELL, CONVEY, ASSIGN, TRANSFER, SET OVER AND DELIVER to SM MEDICAL HOLDINGS CORPORATION ("**Buyer**"), effective as of this 1st day of June 2020 (the "**Effective Date**"), all of Seller's right, title, and interest in and to all accounts receivable whether accrued, current or overdue, and all rights to payment from third parties (including uncashed checks) as of the Effective Date, in each case other than intercompany indebtedness (collectively, the "**Receivables**").

TO HAVE AND TO HOLD the Receivables unto Buyer, its successors and assigns, forever, subject, however, to all the terms and conditions of this Bill of Sale (this "**Bill of Sale**").

SELLER MAKES NO REPRESENTATION OR WARRANTY WHATSOEVER OF ANY KIND, EXPRESS OR IMPLIED, BY STATUTE OR OTHERWISE CONCERNING THE RECEIVABLES, INCLUDING ANY (a) IMPLIED WARRANTY OF MERCHANTABILITY; (b) WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; OR (c) WARRANTY OF TITLE; WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE, OR OTHERWISE.

BUYER HEREBY ACKNOWLEDGES AND AGREES THAT THE RECEIVABLES ARE SOLD, ASSIGNED AND TRANSFERRED ON AN "AS IS, WHERE IS" BASIS "WITH ALL FAULTS" AND THAT SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, TERMS, UNDERSTANDINGS OR AGREEMENTS OF ANY KIND, EXPRESS OR IMPLIED, BY STATUTE OR OTHERWISE CONCERNING THE RECEIVABLES OR THE CONDITION OR USEFULNESS THEREOF.

BUYER REPRESENTS TO SELLER THAT BUYER HAS UNDERTAKEN SUCH INVESTIGATION AND INSPECTION AS BUYER DEEMED NECESSARY TO MAKE BUYER FULLY AWARE OF THE CONDITION OF THE RECEIVABLES. BUYER FURTHER REPRESENTS AND WARRANTS TO SELLER THAT BUYER HAS RELIED AND SHALL RELY SOLELY ON BUYER'S OWN INVESTIGATION AND INSPECTION IN DETERMINING TO PURCHASE THE RECEIVABLES.

BUYER, FOR ITSELF AND ON BEHALF OF ITS SUCCESSORS AND ASSIGNS, HEREBY FOREVER RELEASES AND DISCHARGES SELLER FROM ANY AND ALL LIABILITY, RESPONSIBILITY, CLAIMS, DAMAGES, LOSSES AND EXPENSES, KNOWN OR UNKNOWN, FORSEEN OR UNFORSEEN, ARISING OUT OF OR RELATED IN ANY WAY TO THE RECEIVABLES OR ITS SUITABILITY FOR ANY PURPOSE.

This Bill of Sale and the transactions contemplated hereby shall be construed in accordance with, and governed by, the laws of the State of Texas without giving effect to any rules or principles of conflicts of law that might otherwise refer to the laws of another jurisdiction. Seller and Buyer each submit to the exclusive jurisdiction of (a) the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") for so long as the Seller's bankruptcy cases remain open and (b) after the close of such bankruptcy cases or in the event that the Bankruptcy Court determines that it does not have jurisdiction, the United States District Court for the Southern District of Texas or any Texas State court sitting in Houston, Texas (together with the Bankruptcy Court, the "**Chosen Courts**"). Solely in connection with claims arising under this Bill of Sale, Seller and Buyer each (i) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Courts, (iii) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any party hereto, and (iv) agrees that service of process upon such party in any such action or proceeding shall be effective if notice is delivered to Seller or Buyer, as applicable, at its address beneath its signature to this Bill of Sale below.

This Bill of Sale may be executed in any number of counterparts, and each such counterpart hereof (including any such counterpart delivered by electronic transmission) shall be deemed to be an original instrument, but all of such counterparts shall constitute for all purposes one agreement.

*[Signature pages follow]*

2

IN WITNESS WHEREOF, Buyer and Seller have executed this Bill of Sale as of the Effective Date.

**SELLER:**

NEC Amarillo, LP
NEC Beaumont, LP
NEC Brownsville, LP
NEC Harlingen Emergency Center, LP
NEC Lubbock Emergency Center, LP
NEC McAllen Emergency Center, LP
NEC Orange Emergency Center, LP
NEC Port Arthur Emergency Center, LP

By:   Neighbors GP, LLC,
     in its capacity as General Partner

By: Tensie Axton, in her capacity as Liquidating Trustee of the liquidating trust created and governed by the Liquidating Trust Agreement, dated as of April 8, 2019, executed in connection with the *Order Approving Debtors' Second Amended Disclosure Statement and Confirming Debtors' First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, [Docket No. 0847], filed in Case No. 18-33836 in the United States Bankruptcy Court for the Southern District of Texas

Address:

1301 McKinney St, Ste 3500
Houston, TX 77010

[Signature Page to Bill of Sale]

7408500v1

**BUYER:**

SM Medical Holdings Corporation

By: _(signature)_
Name: Steven Minich
Title: Secretary

Address:
49 Old Turnpike Road  POB 530
Oldwick, NJ 08858

[Signature Page to Bill of Sale]

7408500v1

HUNTERDON COUNTY JUSTICE CENTER
CIVIL DIVISION
65 PARK AVE
FLEMINGTON      NJ 08822

                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 824-9750
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:    AUGUST 10, 2020
                        RE:      SM MEDICAL HOLDINGS    VS CLAIMS MANAGEMENT IN C.
                        DOCKET:  HNT L -000282 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL F. ONEILL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (908) 824-9750.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                 ATT: STEVEN J. MITNICK
                                 SM LAW PC
                                 49 OLD TURNPIKE RD
                                 PO BOX 530
                                 OLDWICK          NJ 08858


ECOURTS

NEOPOST
08/11/2020
US POSTAGE $001.8
FIRST-CLASS
ZIP 08858
041L10A227

RECEIVED AUG 18 2020
CORPORATE LEGAL INTAKE

MN008

MN051A146

SM LAW LLC

SM Law, PC
Post Office Box 530
Oldwick, New Jersey 08858

United Healthcare Services Inc.
9800 Healthcare Lane
Minnetonka, MN 55436

Legal