UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SM MEDICAL HOLDINGS CORP. *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., *et al.*,<br><br>  Defendants. | Civil Action No. 20-13685 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the Motion for Default Judgment of SM Medical Holdings Corp. ("Plaintiff") against Defendant Sheet Metal Workers Int'l Association ("Defendant"). (ECF No. 44.)

Rule 55 of the Federal Rules of Civil Procedure allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991).

Here, Plaintiff indicated that service was made upon Defendant "via certified and ordinary mail" (Certification of Service, ECF No 28 at 1) and "pursuant to court rule" (Aff. of Service, ECF No. 28 at 2). Plaintiff, however, failed to cite the relevant rule in its Certification or Affidavit of Service or in its default judgment motion. (See ECF Nos. 28 & 44.) Service was allegedly effectuated before removal, so the Court assumes Plaintiff served Defendant under a

New Jersey court rule. For the Court to assess the propriety of service, Plaintiff must reference the appropriate rule and demonstrate that it properly served Defendant.[1]

Moreover, Plaintiff's motion papers do not comply with the District Court of New Jersey's Local Civil Rules and contain other deficiencies. For example, Local Civil Rule 7.1(d)(1) provides, in relevant part, that:

> [n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court.

L.Civ.R. 7.1(d)(1). Local Civil Rule 7.1(d)(4) provides that "[i]n lieu of filing any brief pursuant to L.Civ.R. 7.1(d)(1), . . . a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4). Plaintiff's motion papers included neither.

In addition, the Affidavit in Support of Default Judgment stated, "Credit has been duly given for all payments, counterclaims and set-offs and there now remains due and owing from said [D]efendant to the [P]laintiff the sum of $2,349.93." (Mitnick Aff. ¶ 3, ECF No. 44-1.) The Affidavit, however, then requested the Court to enter "[d]efault [j]udgment . . . on behalf of the Plaintiff and against the Defendant, Keenan & Associates, in the sum of $12,978,00 plus interest, attorney fees and Court costs." (*Id.* ¶ 5.) Finally, Plaintiff's proposed form of order requested "post judgment interest at the rate of _____% per annum." (Proposed Order, ECF No. 44-2.) Plaintiff's motion, however, did not include the proposed interest rate or reference an appropriate rule with respect to the relevant interest rate.

---

[1] In addition, Plaintiff's Certification in Support of Default stated, "Pursuant to Federal Rule of Civil Procedure [sic], Defendant was required to file and service [sic] an answer or responsive pleading to the complaint within thirty (30) days after the issuance of the summons." (Default Certification ¶ 4, ECF No. 29.) This is not a correct statement of law.

Based on the foregoing,

**IT IS**, on this 29th day of December 2021, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 44) is denied without prejudice.

2. By **January 31, 2022**, Plaintiff may file a renewed motion for default judgment.

3. Plaintiff must serve a copy of this Memorandum Order upon Defendant by **January 12, 2021**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
